UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                              Case Number: 15-13449-13

    CINDY L. KITZEROW,

        Debtor.

---

## **MEMORANDUM DECISION**

The Debtor, Cindy L. Kitzerow, moves the Court to allow her to file a proof of claim on behalf of Summit Credit Union ("Summit") approximately six (6) months after the claims bar date. For the reasons described below, the Debtor's motion to allow an untimely proof of claim for Summit's secured claim is denied. Further, however, the terms and provisions of the confirmed plan shall be enforced.

## **Background**

On September 23, 2015, the Debtor filed a voluntary Chapter 7 petition. Her case was converted to a Chapter 13 on December 1, 2015.

A new meeting of creditors under section 341(a) of title 11 was set for January 15, 2016. Notice of that meeting was sent to the Debtor, all creditors—including Summit—and to the Trustee. By operation of Rule 3002(c), the date for filing a proof of claim was set as April 14, 2016.

The Debtor filed the requisite Chapter 13 Plan and Schedules on December 3, 2015. Schedule D listed Summit as a secured creditor holding a lien against a 2007 Jeep Grand Cherokee in the amount of $7,950, and an

unsecured claim in the amount of $10,601. The Plan specifically, and separately, classified the Summit secured claim. It provided for retention of the lien and for payment of the secured amount of $7,950 with an interest rate of 5% in installments of $125 per month. The Plan did not itemize the unsecured claims. It simply provided for pro rata distribution to unsecured creditors.

Summit received notice of the Debtor's Plan on December 6, 2015. January 15, 2016, was the last day to object to confirmation of the Debtor's Chapter 13 Plan. No objections were filed. The Court confirmed the Debtor's Plan on January 25, 2016.

The claims bar date of April 14, 2016, passed without Summit filing a proof of claim for this secured claim. The additional 30 days permitting a debtor to file a proof of claim on behalf of a creditor also passed without the filing of a claim for the Summit secured claim.[1] On October 26, 2016, a proof of claim for Summit was filed. On December 12, 2016, the Debtor filed a motion to allow that claim. The Trustee objected and requested a hearing on the motion. In the absence of a proof of claim, the Trustee has not made distributions to Summit on the secured claim as provided in the confirmed Plan.

### **Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). In accordance with section 157(a), the District Court

---

[1] Summit was well aware of the bar date as illustrated by the filing of an unsecured claim for an unrelated debt in the amount of $4,345.61 before the expiration of the bar date.

for the Western District of Wisconsin has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin. Western District of Wisconsin Administrative Order 161 (July 12, 1984).

This matter concerns 1) the allowance or disallowance of a claim against the Debtor's bankruptcy estate and 2) the effect of a confirmed Chapter 13 plan. As a result, this is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (L).

## Discussion

The goal of any Chapter 13 debtor is to have the bankruptcy court confirm their plan. "[P]lan confirmation . . . alters the status quo [of a case] and fixes the rights and obligations of the parties." *Bullard v. Blue Hills Bank*, __ U.S. __, 135 S. Ct. 1686, 1692, 191 L. Ed. 2d 621 (2015). Pursuant to section 1327(a) of title 11, confirmation of a plan binds "the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Importantly, Section 1326(a)(2) provides *inter alia* that "[i]f a plan is confirmed, the trustee shall distribute such payment in accordance with the plan as soon as practicable."

The issue raised by the Trustee balances on the interplay between an "allowed" claim under section 502(a) and the binding effect of a confirmed plan under section 1327(a). The objection of the Trustee is based on the *Pajian* decision. To receive payments under a debtor's Chapter 13 plan, a creditor must hold an "allowed" claim. *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015;

3

*see also* Fed. R. Bankr. P. 3021. Once filed, the claim is allowed unless a party in interest objects. 11 U.S.C. § 502(a). However, in the event no exception applies and a proof of claim is not timely filed, courts have determined that no hearing on a claim objection is required because the claim is time barred. Section 502(b)(9).

The issue in *Pajian* centered on the narrow issue of whether Fed. R. Bankr. P. 3002(c)'s deadline applied only to unsecured creditors. *Id.* at 1163. In finding Rule 3002(c)'s deadline applies to both unsecured and secured creditors, the court concluded that Rule 3002(c)'s deadline allows the debtor to finalize a Chapter 13 plan without creditor interference. *Id.* To this end, the court in *Pajian* underscored a distinction between cases in which there is no confirmed plan on file and a creditor files a proof of claim after the bar date with cases in which a creditor attempts to file a proof of claim after confirmation. *See id.* at 1164. This case is neither. Nothing in *Pajian* prevents a debtor from proposing treatment of a secured claim through a plan and giving notice of that proposal to the creditor. The creditor then has a right to object to the proposed treatment. If the creditor fails to object, it will be bound by the provisions of the plan. 11 U.S.C. § 1327.

The policy decisions underlying *Pajian* further illustrate the narrow scope of the holding in that case. In *Pajian*, a debtor filed a Chapter 13 petition triggering notice of the claims bar date to all of the debtor's creditors. *In re Pajian*, 785 F.3d at 1162. There was not a confirmed plan, and the amended plan proposed only post-petition mortgage payments and nothing more to the

4

secured creditor despite the fact there was an acknowledged prepetition arrearage. The secured creditor objected to the plan and filed a proof of claim three months after the claims bar date. *Id.* Unsurprisingly, the debtor objected to the untimely filed claim. *Id.* In determining that the claims bar date applied equally to secured and unsecured claims, the Seventh Circuit said:

> Requiring all creditors to file claims by the same date allows the debtor to craft and finalize a Chapter 13 plan without the concern that other creditors might swoop in at the last minute and upend a carefully constructed repayment schedule. If we held otherwise, secured creditors could wreak havoc on the ability of the debtor and the bankruptcy court to assemble and approve an effective plan. Each tardy filing from a secured creditor would likely require the debtor to file a modified plan, which would have to be served on all interested parties and considered by the court. All this would often lead to disruptive delays in plan confirmation hearings and would ultimately hinder the bankruptcy court's ability to manage its docket.

*Id.* at 1163.

Contrary to the facts in *Pajian*, here there is a confirmed Plan, and Summit received notice of the Plan. The Plan detailed the specific treatment of Summit's secured claim. Summit did not object to the Plan. In fact, with regard to the secured portion of the claim sought to be allowed at this time, the proof of claim and schedules provide for a secured claim in the exact amount contained in the Plan, for interest at the rate stated in the Plan, and for payments identical to the amounts stated in the Plan.

The *Pajian* decision did not address the provisions of the Code and Rules that apply to the effect of a confirmed plan on specifically identified claims for which detailed provision is made. Section 1326(a)(2) commands the trustee to

5

distribute payments in accordance with the confirmed plan. The section does not distinguish between filed and unfiled claims. The confirmed Plan in this case directs precise payments to be made to Summit on account of its secured claim.

Rule 3021 provides that once the bankruptcy court confirms a plan, "distribution shall be made to creditors whose claims have been allowed . . . ." Fed. R. Bankr. P 3021. Rule 3021 is a generic rule in that it does not distinguish between a Chapter 11, 12, or 13 plan, nor does it specifically reference an allowed claim under Code sections 502(a) and (b)(9). Further, section 1326(a)(2) does not direct the trustee to distribute payments in accordance with Rule 3021.

Courts have a duty to harmonize conflicts between statutes or statutes and rules. *See* Norman J. Singer, et al., *Sutherland Statutory Construction* § 53:1, at 375-76 (7th ed. 2012). In this case, the question is whether there is a conflict between Rule 3002, Rule 3021, and section 1326(a)(2).

The bankruptcy court in *In re Dennis*, 230 B.R. 244, 252 (Bankr. D.N.J. 1999) (quoted at length in *In re Hrubec*, 544 B.R. 397 (Bankr. N.D. Ill. 2016)), succinctly reconciled the apparent conflict by reasoning that section 1327(a) binds both the creditor and debtor to the debtor's proposal to pay a certain amount to the creditor. *Id.* at 252. This proposal constitutes an admission on behalf of the debtor that "such creditor has an allowed secured claim to the extent provided by the plan." *Id.* Accordingly, confirmation "allows" the secured claim to the extent provided for in the plan under section 1327(a), and the

trustee is required to pay the secured creditor pursuant to section 1326(a)(2) and Rule 3021 without consideration of whether a claim was filed pursuant to Rule 3002. *Id.* This also harmonizes the directive of section 1326 commanding the trustee to make distributions as provided in the plan.

     This finding does not disrupt the Seventh Circuit's reasoning in *Pajian*. It is also consistent with the clear analysis of the *Hrubec* court. There, as here, a Chapter 13 debtor listed a creditor's secured claim on his bankruptcy schedules. *In re Hrubec*, 544 B.R. at 398. As in *Pajian*, the claims bar date came and passed without the creditor filing a proof of claim. *Id.* However, in his proposed Chapter 13 plan, the *Hrubec* debtor included payments to the creditor on account of that secured debt. *Id.* The standing Chapter 13 trustee recommended against confirmation, and moved to dismiss. *Id.* The *Hrubec* court concluded that since the creditor did not object to the debtor's plan, it was not necessary for it to file a proof of claim rendering the debtor's plan "not unconfirmable." *Id.* Further, nothing in section 502(a) explicitly requires the filing of a claim as a prerequisite to allowance. 9 *Collier on Bankruptcy* ¶ 3002.01[2], n.12 (16th ed.).

     As the Seventh Circuit recognized in *Pajian*, a confirmed plan alters the landscape of a bankruptcy case. *See id.* at 1164. Summit had notice and the opportunity to file a proof of claim or to object to the proposed plan treatment of its secured claim. While the better practice would have been for Summit (or the Debtor or Trustee on its behalf) to file a claim, it did not do so. The Plan included an amount for the secured claim and payment terms for the claim. No

objections were filed and the Plan was confirmed, thus binding Summit and the Debtor to an established payment to satisfy the Summit secured claim.

The *Pajian* case deals only with the potentially disruptive effect on the plan process of late filed secured claims. It does not deal with the potentially disruptive effect on a confirmed plan and the distribution process that a failure to file a secured claim might have, or the potential for abuse that refusing to file such a claim could have.

Secured creditors are protected by their liens to the extent provided in the plan. It is well established that secured creditors will not forfeit their liens if they merely fail to file a proof of claim. Susan V. Kelly, *Ginsberg & Martin on Bankruptcy* § 15.03[G]; *see also Shelton v. Citimortgage, Inc. (In re Shelton)*, 735 F.3d 747 (8th Cir. 2013), *cert. denied* (finding secured creditor's lien cannot be avoided even when creditor filed an untimely claim). It is equally well established that when there is specific notice of the treatment of a secured creditor's claim in a proposed plan, the plan confirmation process may function to determine the secured claim and its treatment. The critical factor is whether the creditor has notice of the specifics of its treatment and of what is at stake for it. *See, e.g., Green Tree Fin. Servicing Corp. v. Karbel (In re Karbel)*, 220 B.R. 108 (B.A.P. 10th Cir. 1998); *In re Tirone*, 2012 Bankr. LEXIS 3661 (Bankr. N.D. Ohio 2012); *In re Franklin*, 448 B.R. 744, 747 (Bankr. M.D. La. 2011). This provides debtors with an effective way of dealing with secured creditors and providing for such creditors even if they do not file a claim. *See In re Harvey*, 213 F.3d 318 (7th Cir. 2000).

### **Conclusion**

Summit retains its lien on the Debtor's Jeep until completion of the Plan and discharge. The Debtor and Summit are bound by the confirmed Plan. Accordingly, once the Debtor completes the plan, Summit's lien will be satisfied and released if the Debtor completes the payments under the confirmed Plan. Summit is entitled to no more payment on its secured claim beyond that contained in the Plan. The Plan provides for payment of $7,950 as the Summit secured claim, and directs payment of that amount with interest at 5% simple annual interest in monthly installments of $125.00. By operation of section 1327(a), the parties are bound by the Plan treatment of the secured claim, and the Trustee is directed to disburse Plan payments in accordance with section 1326(a)(2). Having failed to file a timely claim for the unsecured portion of the car loan, that claim is barred and upon receipt of a discharge, that unsecured claim will be discharged.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: February 7, 2017

BY THE COURT:

_____
Catherine J. Furay
U.S. Bankruptcy Judge